JUSTICE LEAPHART,
dissenting.
¶30 I concur with issue number three, dissent as to issue two and I would not reach issue number one.
¶31 Armstrong filed suit against two defendants, Karns and Gondeiro. The District Court found that Karns and Gondeiro were *46 hostile to one another and therefore granted four peremptory challenges to each of them. At trial, the jury found that although Karns’ negligence caused injury to Armstrong, Gondeiro’s negligence did not. Thus there was a defense verdict for Gondeiro and a plaintiffs verdict against Karns.
¶32 Armstrong then sought a new trial against Gondeiro arguing that the finding of hostility between Karns and Gondeiro was in error and thus the court should not have granted four extra peremptory challenges. The District Court agreed, concluding that its initial finding of hostility was in error. On appeal, this Court upholds the granting of the new trial.
¶33 I would hold that Armstrong, having accepted the benefits of the verdict against Karns, is estopped from challenging the defense verdict for Gondeiro. As the Court recognizes, in giving both defendants four peremptory challenges, the District Court “gave them a clear tactical advantage by permitting them to eliminate twice the appropriate number of unfavorable jurors without cause.” (Emphasis added.) Accordingly, if the District Court erred, it erred as to both defendants. The unfair advantage corrupted the entire verdict. Armstrong cannot, at her convenience, contend that the unfairness was harmless to the extent she prevailed and prejudicial when she did not. Either the process was unfair to Armstrong or it was not. She cannot, “run with the hare and hold with the hounds.” John Lyly, Euphus (1579). I would reverse the granting of the new trial.
JUSTICE GRAY, joins in the foregoing dissenting opinion.